IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JOSE JAIME LOERA AND<br>GEORGE ALEXANDER REYNA | §<br>§<br>§ | |
| V. | §<br>§ | C.A. No. _____ |
| HUNTER EXPRESS, LTD., TRAIN<br>TRAILER RENTALS LTD, AND<br>AUJLA SINGH RESHAM | §<br>§<br>§ | |

## PLAINTIFFS' COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Jose Jaime Loera and George Alexander Reyna, hereinafter called Plaintiffs, complaining of Hunter Express, Ltd., Train Trailer Rentals Ltd., and Aujla Singh Resham, hereinafter called Defendants, and for cause of action would respectfully show the Court the following:

### A. PARTIES

1. Plaintiff, Jose Jaime Loera, is an individual, resident and citizen of Texas.

2. Plaintiff, George Alexander Reyna, is an individual, resident and citizen of Texas.

3. Defendant, Hunter Express, Ltd., is a foreign corporation organized and existing under the laws of Ontario, Canada and may be served by serving the Military of the Attorney General, Ontario Court of Justice, 393 Main Street, Haileybury, Ontario P0J 1K0 Canada, which has been designated as the Central Authority for Ontario, Canada. Defendant, Hunter Express, Ltd may be served by any method prescribed by Ontario, Canada's laws for service of documents in domestic actions upon persons who are with its territory at 1940 Steeles Ave. E, Brompton, ON L6T1A7.

4.  Defendant, Train Trailer Rentals Ltd., is a foreign corporation organized and existing under the laws of Ontario, Canada and may be served by serving the Military of the Attorney General, Ontario Court of Justice, 393 Main Street, Haileybury, Ontario P0J 1K0 Canada, which has been designated as the Central Authority for Ontario, Canada. Defendant, Train Trailer Rentals Ltd may be served by any method prescribed by Ontario, Canada's laws for service of documents in domestic actions upon persons who are with its territory at 1940 Steeles Ave. E, Brompton, ON L6T1A7.

5.  Defendant, Aujla Singh Resham, is an individual and resident citizen of Ontario, Canada. He may be served with process at his place of residence, at 7 Mckay Ave., Ontario, CD L0G1WD, Canada or wherever he may be found.

## B. JURISDICTION

6.  The Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because the suit is between Plaintiffs, citizens of Texas, and Defendants, subjects/citizens of a different state/country, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

## C. VENUE

7.  Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this lawsuit occurred in Webb County, Texas in the Southern District of Texas.

## D. FACTS

8.  It has become necessary for your Plaintiffs to file this lawsuit to recover personal injury compensatory damages as a result of a motor-vehicle collision that occurred on or about November 1, 2020, in Laredo, Webb County, Texas.

9. At all times relevant hereto, Plaintiffs, Jose Jaime Loera and George Alexander Reyna, were working for their employer, U.S. Border Patrol, on IH-35 in Webb County, Texas. At such time, your Plaintiffs were performing their work duties when the tractor-trailer rig being operated by Defendant, Aujla Singh Resham, without warning hit Plaintiffs' vehicle. Plaintiffs received injuries as a result of the occurrence in question.

10. At all times material, Defendants, Hunter Express, Ltd. and/or Train Trailer Rentals Ltd., owned or controlled the commercial motor vehicles operated by Defendant, Aujla Singh Resham, at the time and on the occasion in question. Defendants, Hunter Express, Ltd. and/or Train Trailer Rentals Ltd., was therefore a motor carrier under the Federal Motor Carrier Safety Regulations.

11. Plaintiffs allege that, at all times material, Defendant, Aujla Singh Resham, was operating the vehicle within the course and scope of his authority, agency and/or employment and in furtherance of the business affairs of Defendants, Hunter Express, Ltd. and/or Train Trailer Rentals Ltd., as an agent, employee and/or statutory employee at the time and on the occasion in question. Thus, Plaintiffs invoke the legal doctrine of vicarious liability and respondeat superior to establish liability, responsibility and accountability on Defendants, Hunter Express, Ltd. and/or Train Trailer Rentals Ltd., for the acts and/or omissions of negligence of Defendant, Aujla Singh Resham, that proximately caused the occurrence in question and Plaintiffs' injuries and damages.

### E. NEGLIGENCE OF AUJILA SINGH RESHAM

12. Plaintiffs adopt and incorporate all previous allegations in Section D as if fully set forth herein.

13. At the time and on the occasion in question, Defendant, Aujla Singh Resham, owed Plaintiffs a duty to exercise ordinary care and to operate the subject commercial motor vehicles as a reasonable and prudent operator would under the existing circumstances,[1] including a duty to keep a proper lookout,[2] control his speed,[3] control his

---

[1] *See, e.g.*, *Ciguero v. Lara*, 455 S.W.3d 744, 748 (Tex. App.—El Paso 2015, no pet.) ("A driver has a general duty to exercise the ordinary care a reasonably prudent person would exercise under the same circumstances to avoid a foreseeable risk of harm to others."); *Williamson Cty. v. Voss*, 284 S.W.3d 897, 902 (Tex. App.—Austin 2009, no pet.) (holding there is a "general duty to exercise ordinary care to avoid a foreseeable risk of harm to others."); *Tex. Dep't of Transp. v. Pate*, 170 S.W.3d 840, 847 (Tex. App.—Texarkana 2005, pet. denied) (referencing motorists' "general duty to drive safely"); *Adams v. Morris*, 584 S.W.2d 712, 716 (Tex. Civ. App.—Tyler 1979, no writ) (holding driver of motor vehicle has a duty to exercise "the care a reasonably prudent person would exercise under like circumstances"); *Adams v. Donahue*, No. 07-97-0266-CV, 1998 WL 483379, at *3 (Tex. App.—Amarillo Aug. 18, 1998, no pet.) ("There is no question but that all drivers owe a duty of reasonable care to those who may be injured by their actions.").

[2] *See, e.g.*, *Helpert v. Walsh*, 759 F. App'x 199, 203 (5th Cir. 2018) ("Under Texas law, '[a]ll persons have the duty to maintain a proper lookout and to observe in a careful manner the traffic and general situation at and in the vicinity of an intersection.'") (quoting *Gomez v. Adame*, 940 S.W.2d 249, 251 (Tex. App.—San Antonio 1997, no writ)); *Becker v. Wabash Nat. Corp.*, No. CIV A C-07-115, 2007 WL 1295822, at *4 (S.D. Tex. May 1, 2007) ("Motorists have a general duty to keep a proper lookout.") (quotations and citations omitted); *Montes v. Pendergrass*, 61 S.W.3d 505, 509 (Tex. App.—San Antonio 2001, no pet.) ("Motorists have a general duty to keep a proper lookout. A proper lookout encompasses the duty to observe, in a careful and intelligent manner, traffic and the general situation in the vicinity, including speed and proximity of other vehicles as well as rules of the road and common experience. Proper lookout requires the motorist to see what a person in the exercise of ordinary care and caution for the safety of herself and others would have seen under like circumstances and to take such steps to guard against accidents which the conditions observed by her would necessarily indicate to be necessary.") (internal quotations and citations omitted); *Ciguero*, 455 S.W.3d at 748 (holding drivers "have the general duty to keep a proper lookout.").

[3] *See, e.g.*, *Duarte v. St. Paul Fire & Marine Ins. Co.*, No. EP-14-CV-305-KC, 2016 WL 4257752, at *6 (W.D. Tex. Mar. 29, 2016) (discussing driver's duty to maintain a safe speed); *Ciguero*, 455 S.W.3d at (discussing drivers' duties to "drive at a speed ... [that] is reasonable and prudent under the circumstances[,]" and "control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway[.]") (internal citations omitted); Tex. Transp. Code § 545.351(b) (imposing a duty to operate a motor vehicle at a speed that is reasonable and prudent under the conditions and with regard to the actual and potential hazards then existing and at a speed necessary to avoid colliding with another person or vehicle).

vehicle to avoid the collision,[4] and to maintain an assured clear distance between his vehicle and Plaintiffs' vehicle so that he could safely stop without colliding into Plaintiffs' vehicle.[5]

14. At the time and on the occasion in question, Defendant, Aujla Singh Resham, breached the duties of care and was negligent in the operation of the commercial motor vehicles he was driving in one or more of the following particulars:

a. Failure to keep a proper lookout;

b. Failure to timely apply brakes;

c. Failure to control his speed;

d. Failure to control his vehicle to avoid a collision;

e. Failure to maintain an assured clear distance;

f. Distracted driving; and/or

g. Violations of applicable provisions of the Federal and State Motor Carrier Safety Regulations concerning, as applicable and as the evidence may show, driver qualification, medical condition, hours of service, unsafe operation of a motor vehicle since Defendant violated multiple sections of the Texas Transportation Code (*see* 49 C.F.R. § 392 requiring that commercial motor vehicles "be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated") and vehicle and equipment inspection, maintenance and repair (negligence per se).

Such acts and/or omissions, singularly or in combination, as applicable and as the evidence will reveal, constitute negligence and negligence per se and such negligence

---

[4] *See, e.g.*, *Choate v. Meredith*, 330 S.W.2d 548, 549 & 552 (Tex. Civ. App.—Texarkana 1959, writ ref. n.r.e.) (agreeing that "[t]he operator of a motor vehicle is under a duty to keep his vehicle under control so as to avoid a collision with others using the highway.").

[5] *See* Tex. Transp. Code § 545.062(a) (imposing a duty on a motor-vehicle operator following another vehicle to "maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.").

proximately caused the occurrence in question and Plaintiffs' injuries and damages. Specifically, but for Defendant's acts and/or omissions, the collision in question and Plaintiffs' injuries and damages would not have occurred and it was reasonably foreseeable that the same or similar events would occur as a result of Defendant's acts and/or omissions.

**F. NEGLIGENCE OF HUNTER EXPRESS LTD. AND TRAIN TRAILER RENTALS**

15. Plaintiffs adopt and incorporate all previous allegations in Sections D and E as if fully set forth herein.

16. At the time and on the occasion in question, Defendants, Hunter Express, Ltd. and/or Train Trailer Rentals Ltd., owed Plaintiffs a duty to use ordinary care in entrusting its motor vehicle to others, hiring employees, supervising employees, training employees, and inspecting, repairing and maintaining its motor vehicles.[6]

17. Plaintiffs allege that Defendants, Hunter Express, Ltd. and/or Train Trailer Rentals Ltd., by and through its agents, employees or representatives all acting within the course and scope of their employment and in the furtherance of their business affairs, breached their duties by committing the following acts and/or omissions:

---

[6] *See, e.g.*, *Fort Worth Elevators Co. v. Russell*, 70 S.W.2d 397, 401 (Tex. 1934) (discussing company's "duty to exercise ordinary care to select careful and competent fellow servants or coemployees"); *Williams v. Hous. Corp. of Greater Houston*, No. CV H-14-2309, 2016 WL 5795136, at *11 (S.D. Tex. Sept. 16, 2016), report and recommendation adopted, No. CV H-14-2309, 2016 WL 5794787 (S.D. Tex. Oct. 4, 2016) (discussing employer's duty to "adequately hire, train, and supervise employees.") (quoting *Mackey v. U.P. Enters., Inc.*, 935 S.W.2d 446, 459 (Tex. App.—Tyler 1996, no writ)); *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex. 1987) (discussing company's liability for entrusting a motor vehicle to an employee); 49 C.F.R. § 396 (imposing a duty on motor carriers to inspect, repair and maintain their motor vehicles); *Bates v. Railtech Boutet, Inc.*, No. 2:06-CV-257-J, 2007 WL 1837116, at *2 (N.D. Tex. June 27, 2007) ("Section 396.3 provides that every 'motor carrier shall systematically inspect, repair, and maintain, or cause to be systematically inspected, repaired, and maintained, all motor vehicles subject to its control.'") (citing 49 C.F.R. § 396.3).

a. Entrusting or providing the commercial motor vehicles in question to Defendant, Aujla Singh Resham, who is alleged to be an unqualified, incompetent, unsafe, dangerous or reckless driver;

b. Failing to properly qualify, train and/or supervise Defendant, Aujla Singh Resham, to ensure he could safely operate the commercial motor vehicles in question, including qualification and training on the applicable provisions of the Federal Motor Carrier Safety Regulations and/or the Texas Transportation Code concerning the safe operation of a motor vehicle; and/or

c. Violating applicable provisions of the Federal and State Motor Carrier Safety Regulations and/or requiring or permitting Defendant, Aujla Singh Resham, to operate its commercial motor vehicles in violation of applicable provisions of the Federal and State Motor Carrier Safety Regulations concerning, as applicable and as the evidence may show, driver qualification, medical condition, hours of service, unsafe operation of a motor vehicle since Defendant violated multiple sections of the Texas Transportation Code (*see* 49 C.F.R. § 392 requiring that commercial motor vehicles "be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated") and vehicle and equipment inspection, maintenance and repair (negligence per se).

Such acts and/or omissions, singularly or in combination, as applicable and as the evidence will reveal, constitute negligence, negligent entrustment, hiring, training, supervision and retention, and negligence per se and such negligence proximately caused the occurrence in question and Plaintiffs' injuries and damages. Specifically, but for Defendants' acts and/or omissions, the collision in question and Plaintiffs' injuries and damages would not have occurred and it was reasonably foreseeable that the same or similar events would occur as a result of Defendants' acts and/or omissions.

## G. COMPENSATORY DAMAGES

19. As a result of the negligence of the Defendants referenced above, your Plaintiff, Jose Jaime Loera, sustained the following damages in the past and, in reasonable probability, will continue to sustain these damages in the future: physical pain, mental anguish, physical impairment, disfigurement, and reasonable and necessary medical

expenses. Plaintiff, Jose Jaime Loera, sues for these damages in an amount within the jurisdictional limits of the Court, over $250,000.00 but not more than $1,000,000.00, as the jury may find consistent with the law and the evidence in this case.

20. As a result of the negligence of the Defendants referenced above, your Plaintiff, George Alexander Reyna, sustained the following damages in the past and, in reasonable probability, will continue to sustain these damages in the future: physical pain, mental anguish, physical impairment, disfigurement, and reasonable and necessary medical expenses. Plaintiff, George Alexander Reyna, sues for these damages in an amount within the jurisdictional limits of the Court, over $250,000.00 but not more than $1,000,000.00, as the jury may find consistent with the law and the evidence in this case.

21. Plaintiffs also sue for pre-judgment and post-judgment interest on the items of damages allowed by law.

22. Plaintiffs demand that this case be tried to a jury.

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that upon final hearing Plaintiffs do have and recover of, from and against the Defendants, their compensatory damages as referenced above all in an amount within the jurisdictional limits of this Court, pre-judgment and post-judgment interest, costs of court, trial by jury, and for such other and further relief, at law and in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,
HAGOOD & KING, LLC
1520 E. Highway 6
Alvin, Texas 77511
(281)331-5757
Fax: (281)331-1105
*E-Service Email: firm@h-kfirm.com


BY:   /s/ Ryan King
      RYAN KING, Attorney in Charge
      SBN 24073263, FBN 1114926
      JOHN D. WOODS, JR.
      SBN 24067950, FBN 1070930
      Attorneys for Plaintiffs

*E-SERVED DOCUMENTS ARE ONLY ACCEPTED AT THE ABOVE DESIGNATED E-SERVICE EMAIL ADDRESS. SERVICE ON ANY OTHER EMAIL ADDRESS WILL BE CONSIDERED INVALID.